IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**ROSS PRESTON LANE,**

               **Plaintiff,**

        **v.**                                   **CASE NO.  07-3225-SAC**

**RAYMOND ROBERTS,**
**WARDEN, et al.,**

               **Defendants.**

### O R D E R

This civil complaint was filed by plaintiff while he was an inmate of the El Dorado Correctional Facility, El Dorado, Kansas (EDCF). He is now confined at the Butler County Jail, El Dorado, Kansas. Named as defendants are Warden Roberts and Correctional Officer Craig Brewer at EDCF. Jurisdiction is asserted under "K.S.A. §§ 21-3425 and 21-3412, Mistreatment of a confined person and battery."

As the factual basis for this complaint, Mr. Lane alleges that on November 20, 2007[1], at the EDCF, defendant Corrections Officer Craig Brewer intentionally battered him by kicking a "food pass" box shut on his hand. He alleges defendant Brewer's action caused "serious harm and ongoing pain and suffering." He seeks $250,000 for pain and suffering, punitive damages, court costs, and attorney fees. Plaintiff has also filed a Motion for Leave to Proceed without payment of fees (ifp motion) (Doc. 2), and a Motion

---

[1] In the complaint, Mr. Lane states that the alleged battery occurred on November 20, 2007. Since that date has not yet occurred, it is obviously incorrect. Attached to Mr. Lane's Motion for Appointment of Counsel (Doc. 3) is his statement indicating the battery occurred on November 20, 2006. Plaintiff will be given time to amend his complaint to state the correct date on which the alleged battery occurred.

to Appoint Counsel (Doc. 3).

**IN FORMA PAUPERIS MOTION**

28 U.S.C. § 1915 requires that a prisoner[2] seeking to bring a civil action without prepayment of fees submit not only an affidavit described in subsection (a)(1), but also a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).  Plaintiff did not provide a copy of his Inmate Account Statement with his ifp motion.  However, he did provide this document with his affidavit (Doc. 4) in support of his Motion to Appoint Counsel.  The court has considered this document in connection with Mr. Lane's ifp motion.  Under the Prison Litigation Reform Act, a prisoner litigant is required to pay the full filing fee in a civil action.  Where insufficient funds exist for initial payment of the full filing fee, the court is directed to collect an partial filing fee in the amount of twenty percent of the greater of the average monthly deposits to the inmate's account or the average monthly balance for the preceding six months.  28 U.S.C. § 1915(b)(1)(A) and (B).  However, where an inmate has no means by which to pay an initial partial filing fee, the prisoner

---

[2] Mr. Lane alleges that the events upon which his complaint is based occurred at EDCF on the day of his release.  The entry on Mr. Lane in the Kansas Adult Supervised Population Electronic Repository (KASPER) shows Mr. Lane was released from EDCF on November 20, 2006, at the "expiration of sentence," and was incarcerated on July 19, 2007, for "new court commitment."  Since plaintiff indicates in his complaint that he was a prisoner at the time the alleged battery occurred and at the time he filed this complaint, he is subject to the provisions of 28 U.S.C. § 1915.

shall not be prohibited from bringing a civil action. 28 U.S.C. § 1915(b)(4).

Having considered the plaintiff's financial records, the court finds no initial partial filing fee may be imposed at this time due to plaintiff's limited resources, and grants plaintiff leave to proceed in forma pauperis. However, plaintiff remains obligated to pay the $350.00 district court filing fee in this civil action, and payments may be collected from his inmate trust fund account when funds become available, as authorized by 28 U.S.C. § 1915(b)(2).

**SCREENING**

Because Mr. Lane is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. 1915A(a) and (b). Having screened all materials filed, the court finds the complaint is subject to being dismissed for the following reasons.

**NO PERSONAL PARTICIPATION BY DEFENDANT ROBERTS**

Plaintiff alleges no facts indicating liability on the part of defendant Warden Roberts. In order for a particular defendant to be held liable for money damages in a civil rights action, plaintiff must allege facts showing the individual's personal participation in the allegedly unconstitutional acts upon which the complaint is based. Plaintiff's action is based upon an alleged battering by defendant Brewer alone. Warden Roberts is not alleged

3

to have participated in any fashion, and his supervisory position is not a sufficient basis for liability.  Consequently, it appears this action should be dismissed as against defendant Roberts.

**STATE LAW VIOLATIONS NOT A BASIS FOR FEDERAL CIVIL RIGHTS CLAIM**

Plaintiff, proceeding pro se, asserts jurisdiction only under two Kansas statutes.  State statutes do not confer jurisdiction on federal courts.  Moreover, it is well-settled that a violation of state law, without more, does not amount to a claim of federal constitutional violation.

**SIMPLE BATTERY NOT A FEDERAL CIVIL RIGHTS VIOLATION**

The court might liberally construe the complaint as asserted under 42 U.S.C. § 1983.  Collins v. Hladky, 603 F.2d 824 (10th Cir. 1979)(an assault by a jailer on his prisoner can give rise to an action under section 1983).  However, to "state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution or law of the United States . . . ." West v. Atkins, 487 U.S. 42, 48 (1988); Northington v. Jackson, 973 F.2d 1518, 1523 (10th Cir. 1992).  While, a pro se complaint must be given a liberal construction, see Haines v. Kerner, 404 U.S. 519, 520 (1972); the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

Assuming the truth of plaintiff's factual allegations in his complaint, that defendant Brewer kicked the food pass box resulting in injury to plaintiff's hand, these facts alone are not

sufficient to state a claim of federal constitutional violation. Not every isolated battery or injury amounts to a federal constitutional violation.  See Hudson v. McMillian, 503 U.S. 1, 9 (1992)(Not "every malevolent touch by a prison guard gives rise to a federal cause of action.");  Smith v. Iron County, 692 F.2d 685 (10th Cir. 1982)(A prison guard's use of force against a prisoner is not always a constitutional violation.); El'Amin v. Pearce, 750 F.2d 829, (10th Cir. 1984)(While an assault by a jailer on his prisoner can give rise to an action under section 1983, a jailer's use of force against a prisoner is not always a constitutional violation.); see also George v. Evans, 633 F.2d 413, 416 (5th Cir. 1980)("A single unauthorized assault by a guard does not constitute cruel and unusual punishment.").  Courts have repeatedly quoted Judge Friendly's opinion in Johnson v. Glick:

> Not every push or shove, even if it may later seem
> unnecessary in the peace of a judge's chambers,
> violates a prisoner's constitutional rights.

Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir.), cert. denied sub nom Employee-Officer John v. Johnson, 414 U.S. 1033 (1973); Suits v. Lynch, 437 F.Supp. 38, 40 (D.Kan. 1977).

Moreover, a complaint alleging tortious conduct without more is not sufficient to be actionable under Section 1983. Baker v. McCollan, 443 U.S. 137, 145 (1979)("Not all state law torts are constitutional violations for which section 1983 provides a remedy."); Glick, 481 F.2d at 1033 (The protection of the Eighth Amendment is nowhere nearly so extensive as that afforded by the common law tort action for battery.); see Santiago v. Yarde, 487 F.Supp. 52, 54 (D.N.Y. 1980)("Plaintiff's constitutional protection is not co-extensive with that afforded by the common law tort

action for battery."). As the United States Supreme Court held in Baker v. McCollan:

> Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law. Remedy for the latter type of injury must be sought in state court under traditional tort-law principles.

Baker, 443 U.S. at 146. If the basis for plaintiff's claim is nothing more than a single incident of battery without serious injury, he would be well-advised to immediately file a complaint in state court. It should be much easier to prove battery in state court than to prove a federal constitutional violation in federal court.

Furthermore, plaintiff does not refer to any federal constitutional provision under which his claim might arise. Courts ordinarily analyze a prisoner's claim of excessive force under the Eighth Amendment's cruel and unusual punishment clause[3]. The United States Supreme Court found that in considering claims of excessive force brought by convicted prisoners, a court must apply the standard set forth in Whitley v. Albers, 475 U.S. 312 (1986), namely, "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously or sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992). In Sampley v. Ruettgers, 704 F.2d 491 (10th Cir. 1983), the Tenth

---

[3] The Eighth Amendment, which is specifically concerned with the unnecessary and wanton infliction of pain in penal institutions, serves as the primary source of substantive protection to convicted prisoners in cases such as this one, where the deliberate use of force is challenged as excessive and unjustified. Rochin v. California, 342 U.S. 165, 172, 173 (1952). The Eighth Amendment is applicable to the states through the Fourteenth amendment's due process clause, and proscribes the infliction of cruel and unusual punishment. Some claims have been asserted as a violation of due process; however, the Supreme Court has stated that the due process clause affords no greater protection than does the Cruel and Unusual Punishment Clause. Whitley, 475 U.S. at 327.

Circuit Court of Appeals set forth three factors for courts to include in their review of excessive force claims.  Under <u>Sampley</u>, the inmate must demonstrate (1) the guard intended to harm the prisoner; (2) the guard used more force than reasonably necessary to maintain or restore institutional order; and (3) the guard's actions caused severe pain or lasting injury to the prisoner.  <u>Id</u>. at 495.  Considering the facts alleged by Mr. Lane in his complaint under the standards enunciated in <u>Hudson</u> and <u>Sampley</u>, the court finds insufficient facts are alleged to show the defendant Brewer actually intended to cause harm.  Furthermore, plaintiff alleges no facts from which it can be determined whether or not "force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm."  <u>Cf</u>., <u>Whitley</u>, 475 U.S. at 320-321; <u>Sampley</u>, 704 F.2d at 494-496[4].  To elevate his allegations of a battery to a federal constitutional

---

[4] In <u>Sampley</u>, the Tenth Circuit instructed:

> A prison guard's use of force against an inmate is "cruel and unusual" only if it involves "the unnecessary and wanton infliction of pain." <u>Gregg v. Georgia</u>, 428 U.S. 153, 173 (1976).  We think that this standard imposes three requirements for an inmate to state a cause of action under the eighth amendment and section 1983 for an attack by a prison guard.  First, "wanton" requires that the guard have intended to harm the inmate.  Second, "unnecessary" requires the force used to have been more than appeared reasonably necessary at the time of the use of force to maintain or restore discipline.  Third, "pain" means more than momentary discomfort; the attack must have resulted in either severe pain or a lasting injury.  In applying this test, a court must look to such factors as the need for the application of force, the relationship between the need and the amount of force that was used, the extent of injury inflicted, and whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm. <u>Johnson</u>, 481 F.2d at 1033.
>
> * * *
>
> A court should also bear in mind that a prison guard, to maintain control of inmates, must often make instantaneous, on-the-spot decisions concerning the need to apply force without having to second-guess himself. See <u>Wolff v. McDonnell</u>, 418 U.S. 539, 566-67 (1974).

<u>Sampley</u>, 704 F.2d. at 494-96.

violation cognizable in federal court, plaintiff must submit an "Amended Complaint" setting forth additional facts to support of a constitutional claim of excessive force.  Plaintiff's conclusory allegations that defendant Brewer acted "intentionally" and that plaintiff's injury was "serious" are not supported by any facts.

Plaintiff will be given time to cure these deficiencies by submitting an Amended Complaint containing additional facts to support a claim of federal constitutional violation in accord with the foregoing Order.  If he fails to submit an "Amended Complaint" within the time allotted by the court, this action may be dismissed without prejudice.

**MOTION TO APPOINT COUNSEL**

The court has considered plaintiff's Motion to Appoint Counsel (Doc. 3) and documents filed in support.  Plaintiff is not entitled to appointment of counsel in a civil rights action. Moreover, plaintiff is obviously capable of presenting the factual basis for his complaint.  In support of this motion, Mr. Lane alleges he is in segregation and has no ability to investigate the facts of his case or locate and interview "the other inmate and an officer" who witnessed his mistreatment.  Plaintiff does not allege that he is unable to request written statements from potential witnesses or incident reports and medical records from EDCF officials.  Nor does he describe what facts he needs to but cannot investigate or what discovery can only be done by an attorney. Moreover, if this action survives screening, the court may order preparation of a Martinez report, which may include reports and records.  The court concludes that plaintiff's Motion to Appoint

8

Attorney should be denied, without prejudice, at this time.

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted, and plaintiff's motion to appoint counsel (Doc. 3) is denied, without prejudice.

**IT IS FURTHER ORDERED** that plaintiff is granted thirty (30) days in which to file an Amended Complaint stating the date on which the alleged battery occurred and stating additional facts in support of a federal constitutional claim as directed herein.

The Clerk is directed to transmit a copy of this Order to the finance officer at the institution where plaintiff is currently confined.

**IT IS SO ORDERED.**

Dated this 24th day of October, 2007, at Topeka, Kansas.

s/Sam A. Crow<br>U. S. Senior District Judge