```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**ROSS PRESTON LANE,**

        **Plaintiff,**

        v.                   CASE NO. 07-3225-SAC

**RAYMOND ROBERTS,**
**WARDEN, et al.,**

        **Defendants.**

### O R D E R

This civil complaint was filed by plaintiff while he was an inmate of the El Dorado Correctional Facility, El Dorado, Kansas (EDCF). He is currently confined at the Butler County Jail. On October 24, 2007, this court entered an Order giving plaintiff time to file an amended complaint curing deficiencies noted upon screening. Plaintiff has since filed an Amended Complaint (Doc. 8), an Affidavit in Support of Amended Civil Complaint (Doc. 9), and a second motion to appoint counsel (Doc. 10). Having considered these filings, the court finds as follows.

Plaintiff's amended complaint properly names Craig Brewer, Corrections Officer, as the only defendant. The court will therefore order that this action be dismissed and all relief denied as against Warden Ray Roberts. Plaintiff now brings his claim under the Eighth and Fourteenth Amendments, rather than state laws. The court construes the complaint as one brought under 42 U.S.C. § 1983. Plaintiff was directed to provide additional facts in

support of a federal constitutional claim. However, he has not actually stated additional facts in his amended complaint. The court liberally construes the amended complaint to include the Affidavit filed by plaintiff (Doc. 9) and the letter he wrote describing the incident in question, which is attached to his first Motion for Appointment of Counsel (Doc. 3), Attach. 1.

Plaintiff's second Motion to Appoint Counsel (Doc. 10) is denied, without prejudice. The court again notes plaintiff has no right to counsel in this civil rights action and appears capable of presenting the facts supporting his complaint. He is reminded to present facts, such as are in his letter incorporated into his complaint above, rather than conclusions. Plaintiff may submit requests for discovery during pretrial proceedings and may receive some reports and documents with the Martinez report, which is ordered herein.

The court finds that proper processing of plaintiff's claims cannot be achieved without additional information from appropriate officials of the El Dorado Correctional Facility, El Dorado, Kansas. See Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978); see also Hall v. Bellmon, 935 F.2d 1106 (10th Cir. 1991).

**IT IS THEREFORE ORDERED** that plaintiff's second Motion to Appoint Counsel (Doc. 10) is denied without prejudice.

**IT IS FURTHER ORDERED** that this action is dismissed and all relief is denied as against defendant Raymond Roberts.

**IT IS FURTHER ORDERED:**

2

(1) The clerk of the court shall prepare waiver of service forms pursuant to Rule 4(d) of the Federal Rules of Procedure, to be served by a United States Marshal or a Deputy Marshal at no cost to plaintiff absent a finding by the court that plaintiff is able to pay such costs.  The report required herein, shall be filed no later than sixty (60) days from the date of this order, and the answer shall be filed within twenty (20) days following the receipt of that report by counsel for defendant.

(2) Officials responsible for the operation of El Dorado Correctional Facility are directed to undertake a review of the subject matter of the complaint:

(a) to ascertain the facts and circumstances;

(b) to consider whether any action can and should be taken by the institution to resolve the subject matter of the complaint;

(C) to determine whether other like complaints, whether pending in this court or elsewhere, are related to this complaint and should be considered together.

(3) Upon completion of the review, a written report shall be compiled which shall be attached to and filed with the defendant's answer or response to the complaint. Statements of all witnesses shall be in affidavit form.  Copies of pertinent rules, regulations, official documents and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report.  Any tapes of the incident underlying plaintiff's claims shall also be included.

(4) Authorization is granted to the officials of the Kansas

Department of Corrections to interview all witnesses having knowledge of the facts, including the plaintiff.

(5) No answer or motion addressed to the complaint shall be filed until the Martinez report requested herein has been prepared.

(6) Discovery by plaintiff shall not commence until plaintiff has received and reviewed defendant's answer or response to the complaint and the report required herein.  This action is exempted from the requirements imposed under F.R.C.P. 26(a) and 26(f).

Copies of this Order shall be transmitted to plaintiff, to defendant, to the Secretary of Corrections, to the Attorney General of the State of Kansas, and to the Finance Office of the facility where plaintiff is currently incarcerated.

**IT IS FURTHER ORDERED** that the clerk of the court shall enter the Kansas Department of Corrections as an interested party on the docket for the limited purpose of preparing the Martinez report ordered herein.  Upon the filing of that report, the KDOC may move for termination from this action.

**IT IS FURTHER ORDERED** that the screening process under 28 U.S.C. § 1915A having been completed, this matter is returned to the clerk of the court for random reassignment pursuant D. Kan. Rule 40.1.

**IT IS SO ORDERED**.

Dated this 4th day of January, 2008, at Topeka, Kansas.

<u>s/Sam A. Crow</u>  
U. S. Senior District Judge