IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ROSS PRESTON LANE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case 07-3225-JAR |
| ) | |
| CRAIG BREWER, ) | |
| ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This matter comes before the court upon plaintiff's Motion for Specific Discovery (Doc. 13); Motion for Order to be Excused from Serving Papers on Defendant (Doc. 15); and Motion to Appoint Counsel (Doc. 33).

**I.     Background**

Plaintiff brings his claims under 42 U.S.C. § 1983 claiming cruel and usual punishment under the Eighth Amendment.[1]  Plaintiff alleges that defendant Brewer, caused physical damage to plaintiff's hand.  On October 24, 2007, the Honorable Sam A. Crow granted plaintiff's *in forma pauperis* motion, permitted plaintiff to file an Amended Complaint to cure deficiencies in his original Complaint, and denied without prejudice plaintiff's Motion to Appoint Counsel.[2]  On January 4, 2008, the Honorable Sam A. Crow ordered the Department of Corrections to be entered on the record as an Interested Party for the limited purpose of preparing the *Martinez* Report and denied plaintiff's Second Motion to Appoint Counsel (Doc. 10) without prejudice.[3]  On January 7,

---

[1]*See* Amended Complaint (Doc. 8).

[2]Order (Doc. 7).

[3]Order (Doc. 11) (citing *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978)).

2008 this case was referred to the Honorable Julie A. Robinson for all further proceedings. On January 8, 2008, plaintiff filed a Motion for Specific Discovery (Doc. 13) and on February 20, 2008 filed Motion for Order (Doc. 15). On March 6, 2008, this case was referred to the undersigned for pretrial management (Doc. 16). On May 1, 2008, the Kansas Department of Corrections filed the Martinez Report (Doc. 22). On July 3, 2008, defendant filed a Motion to Dismiss (Doc. 28). On July 30, 2008, plaintiff filed his third Motion to Appoint Counsel (Doc. 33).

## II.   Standard

As a general rule, the court is mindful that plaintiff is proceeding *pro se* and thus his motions should be liberally construed and held to a less stringent standard.[4] This requires the court to look past any confusion of legal theories or a failure to cite proper legal authority.[5] Despite this liberal construction, *pro se* litigants are not entitled to ignore the fundamental rules of civil procedure[6] and "the court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues."[7]

## III.   Motion for Specific Discovery (Doc. 13).

Judge Crow's January 4, 2008 Order states in part: "[d]iscovery by plaintiff shall not commence until plaintiff has received and reviewed defendant's answer or response to the complaint and the report required herein. This action is exempted from the requirements imposed under

---

[4] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[5] *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

[6] *Ogden v. San Juan County*, 32 F. 3d 452, 455 (10th Cir. 1994).

[7] *Drake*, 927 F.2d at 1159.

2

F.R.C.P. 26(a) and 26(f)."[8]

Plaintiff's Motion for Specific Discovery was filed January 8, 2008, almost four months before the May 1, 2008 filing of the *Martinez* report and six months before the filing of defendants' Motion to Dismiss. As a result, plaintiff's Motion for Specific Discovery was filed prematurely and is denied without prejudice.

Because the *Martinez* report has now been filed and defendant has responded to plaintiff's amended complaint in the form a Motion to Dismiss, plaintiff is free to seek discovery, pursuant to the Federal Rules of Civil Procedure. Plaintiff shall not file another motion pertaining seeking to compel production of documents without first abiding by the requirements of Fed. Rule Civ. P. 34 and 37.

**IV.    Motion to Be Excused from Serving Papers on Defendant (Doc. 15).**

Plaintiff seeks to be excused from serving defendant with papers on defendant because Butler County Jail, where plaintiff is housed, only allows two (2) indigent letters a week. Defendant has not filed a response to this motion, and the time to do so under D. Kan. Rule 6.1(d) has passed. As a result, "the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice."[9]

As a result, the court will excuse plaintiff from serving any motions to the court upon defendants. Rather, the court will consider defendants "served" with any motion by plaintiff on the date by which the motion is electronically docketed by the Clerk's office.

However, the court's ruling does not excuse plaintiff from communicating with defendant

---

[8] Order (Doc. 11) at p. 4.

[9] D. Kan. Rule 7.4.

in writing for any other purpose, save filing a motion with the court. Plaintiff cannot "serve" discovery requests or undertake any other written communication with or to defendant by filing something with the court. Plaintiff is only "excused" from serving defendant with any motions plaintiff files with the court.

### V.     Plaintiff's Third Motion to Appoint Counsel (Doc. 33).

Plaintiff's Motion to Appoint Counsel is substantially the same as his previous two Motions seeking similar relief.[10] Because plaintiff has raised no new significant reasons as to why appointment of counsel is warranted, the court denies plaintiff's request without prejudice.

"There is no constitutional right to appointed counsel in a civil case."[11] "[T]he district court has broad discretion to appoint counsel for indigents under 28 U.S.C. § 1915[(e)(1)] . . . ."[12] "The court may request an attorney to represent any person unable to afford counsel."[13] When considering the appointment of counsel to represent a civil litigant, the court must consider a all relevant factors, including the litigant's ability to retain counsel, the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."[14] That counsel could assist plaintiff in presenting "his strongest

---

[10]*See* Motions to Appoint Counsel (Docs. 3 and 10).

[11] *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) (citing *Bethea v. Crouse*, 417 F.2d 504, 505 (10th Cir. 1969)).

[12] *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991) (quoting *Maclin v. Freake*, 650 F.2d 885, 886 (7th Cir. 1981)).

[13] 28 U.S.C. § 1915(e)(1).

[14] *See id.*; *Williams*, 962 F.2d at 996.

possible case" is not a proper basis for granting such a motion.[15]

The facts and issues involve plaintiff's treatment, and alleged violations of his civil rights while he was incarcerated.[16] Generally, "[s]uch cases are not particularly complex"[17] and plaintiff has not demonstrated that his case is unique or unusually complicated. Moreover, plaintiff has failed to show the court any special circumstances that prevent him from presenting his claims such as a physical or mental impediment. Indeed, plaintiff has filed several motions in this case, as well as a detailed Amended Complaint which indicates plaintiff's ability to adequately communicate with the court.[18] Considering all of the relevant factors, the court denies plaintiff's Application for Appointment of Counsel without prejudice to renewal in the future should plaintiff provide the court with sufficient evidence of a compelling need for a court-appointed attorney.

According,

IT IS THEREFORE ORDERED that plaintiff's Motion for Specific Discovery (Doc. 13); is denied without prejudice.

IT IS FURTHER ORDERED that plaintiff's Motion for Order to be Excused from Serving

---

[15]*Brown v. Gray*, No. 06-3003-JTM, 2007 U.S. Dist. LEXIS 69925, at * 6-7 (D. Kan. 2007).

[16]*See e.g.*, Complaint (Doc. 1).

[17]*Brown*, 2007 U.S. Dist. LEXIS 69925 at * 6 (citing *Abu-Fakher v. Bode*, 175 Fed. Appx. 179, 2006 WL 650671, at *5 (10th Cir. 2006) (affirming district court's denial of motion to appoint counsel in prisoner's case involving claims of cruel and unusual punishment); *Avery v. Anderson,* 94 Fed. Appx. 735, 2004 WL 723243, at *4 (10th Cir. 2004) (affirming district court finding that excessive force claim by a prisoner was not complex); *Herman v. Correctional Medical Servs., Inc.*, 66 Fed. Appx. 183, 2003 WL 21235499, at *3 (10th Cir. 2003) (affirming district court's decision to not appoint counsel for indigent prisoner alleging claims of cruel and unusual punishment)).

[18]*See e.g.*, *id* (citing *McCarthy v. Weinberg*, 753 F.2d 836, 838-39 (10th Cir. 1985); *Herman*, 66 Fed. Appx. 183, 2003 WL 21235499, at *3)).

Papers on Defendant (Doc. 15) is granted to the limited extent explained herein.

IT IS FURTHER ORDERED that plaintiff's Motion to Appoint Counsel (Doc. 33) is denied without prejudice.

IT IS SO ORDERED.

Dated this 1st day of August, 2008, at Topeka, Kansas.

                     s/ K. Gary Sebelius
                     K. Gary Sebelius
                     U.S. Magistrate Judge