ams

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ROSS PRESTON LANE, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 07-3225-JAR |
| CRAIG BREWER, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER GRANTING DEFENDANT'S
## MOTION TO DISMISS

This matter is before the Court on defendant Craig Brewer's Motion to Dismiss (Doc. 28). Plaintiff filed this action pursuant to 42 U.S.C. § 1983 against defendant, a corrections officer at the El Dorado Correctional Facility ("EDCF"), alleging excessive force. The parties have fully briefed the motion. As explained more fully below, defendant's motion to dismiss is granted.

**I.     Background**

Plaintiff filed his Complaint on August 28, 2007. He listed his address as "El Dorado Correctional Facility." On November 6, 2007, plaintiff filed an Amended Complaint, listing his address as "Butler County Jail," located in El Dorado, Kansas. The Amended Complaint purports to state a claim under 42 U.S.C. § 1983 for a violation of the Eighth Amendment's prohibition against cruel and unusual punishment.

In the Statement of Claim section of the Amended Complaint, plaintiff alleged that on the morning of November 20, 2006, defendant kicked a "food pass" box shut on plaintiff's hand, causing him injury. On page four of the Complaint, plaintiff marked the box "No" next to the

question, "Have the claims which you make in this civil action been presented through any type of Administrative Procedure within any government agency?" Plaintiff wrote that the incident occurred on the day that he was released from custody at EDCF, so he could not file an administrative grievance.

Plaintiff filed a Notice of Change of Address with this Court on August 25, 2008, providing his address at EDCF.[1]

## II.  Standard

In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court assumes as true all well pleaded facts in plaintiff's complaint and views them in a light most favorable to plaintiff.[2] A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations, but the complaint must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action.[3] "In other words, plaintiff must allege sufficient facts to state a claim that is plausible—rather than merely conceivable—on its face."[4] The court makes all reasonable inferences in favor of plaintiff.[5] The court need not accept as true those allegations that state only legal conclusions.[6] Although plaintiff need not precisely state each element of his

---

[1] (Doc. 38.)

[2] *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).

[3] *Allen v. Kline*, 507 F. Supp. 2d 1150, 1155 (D. Kan. 2007) (citing *Bell Atl. Corp. v. Twombly*, — U.S.—, 127 S. Ct. 1955, 1964-65 (2007)).

[4] *Id*. (quoting *Twombly*, 127 S. Ct. at 1974).

[5] *See Zinermon*, 494 U.S. at 118; *see also* Fed. R. Civ. P. 8(a).

[6] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

claims, he must plead minimal factual allegations on those material elements that must be proved.[7]

Pro se complaints must be liberally construed, and are held to less stringent standards than formal pleadings drafted by lawyers.[8] "[T]he court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf."[9] The Court need only accept as true plaintiff's "well-pleaded factual contentions, not his conclusory allegations."[10]

### III.  Discussion

Defendant urges dismissal of this action because plaintiff did not exhaust his administrative remedies. The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."[11] "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."[12]

Plaintiff urges that the PLRA exhaustion requirement does not apply to him because he was released from EDCF when the alleged incident occurred. But it is the inmate's status at the

---

[7]*Id*. at 1110.

[8]*Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007).

[9]*Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted).

[10]*Hall*, 935 F.2d at 1110.

[11]42 U.S.C. §1997e(a).

[12]*Porter v. Nussle*, 534 U.S. 516, 532 (2002).

time the suit is filed that determines whether the exhaustion provision applies.[13]  It is true that a plaintiff who seeks to bring a prison conditions suit after he has been released and is no longer a prisoner need not satisfy the exhaustion requirement under the PLRA.[14]  Here, plaintiff was a confined at EDCF when he filed his initial Complaint and was confined at the Butler County Jail when he filed his Amended Complaint.  The Court finds no difficulty in determining that the PLRA's exhaustion requirement applied to plaintiff's suit.[15]

Inmates are not required to specifically plead exhaustion of administrative remedies in their complaints.[16]  Instead, the failure to exhaust is an affirmative defense under the PLRA.[17]  Therefore, the burden of proving plaintiff failed to exhaust his administrative remedies lies with defendant.[18]  Defendant argues that, by his own admission in the Amended Complaint, plaintiff made no effort to exhaust his administrative remedies prior to filing his lawsuit.  Plaintiff takes the position in the Amended Complaint, and in his response to the motion to dismiss, that he was not required to exhaust because he was released from EDCF shortly after the incident that forms the basis of his claim in this case.[19]  As the Court has already explained, plaintiff is incorrect.

---

[13]*Norton v. City of Marietta, Okla.*, 432 F.3d 1145, 1150 (10th Cir. 2005).

[14]*Id.*

[15]The Court further finds that the substance of plaintiff's claim involves prison life, such that the PLRA's exhaustion requirement applies.  *See Porter*, 534 U.S. at 532 .

[16]*Jones v. Bock*, 549 U.S. 199, 921–22 (2007).

[17]*Id.*; *Roberts v. Barreras*, 484 F.3d 1236, 1240 (10th Cir. 2007).

[18]*Roberts*, 484 F.3d at 1241.

[19]Plaintiff also asserts in his response that he was refused administrative remedies by "Unit Team Member" Huffman at EDCF because the grievance was for a different incarceration.  Even if this were the case, Kansas Regulations provide that even absent a response by a unit team manager, the inmate may send a grievance report to the warden without the unit team signature and explain the lack of signature.  *See* K.A.R. 44-15-102(a)(2).

Therefore, the Court finds defendant has met his burden of showing that plaintiff failed to properly exhaust administrative remedies by pointing to plaintiff's own language in the Amended Complaint and the motion to dismiss is granted.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's Motion to Dismiss (Doc. 28) is **granted**.

**IT IS SO ORDERED**.

Dated this 29th day of September 2008.

      S/ Julie A. Robinson
Julie A. Robinson
United States District Judge